**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Patricia Fichtner, | No. CV-18-00744-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's First Amended Complaint[1] ("FAC") (Doc. 11). In a prior Order, the Court granted Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, otherwise known as a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 8). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court then screened Plaintiff's original Complaint (Doc. 1) and found Plaintiff's allegations failed to state a claim for relief. (Doc. 8 at 4). The Court granted Plaintiff leave to amend. (*Id.*)

## I. LEGAL STANDARDS

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

---

[1] While the document is actually titled "Redacted Seconded Amended Complaint" this was Plaintiff's First Amended Complaint. Plaintiff initially filed the First Amended Complaint (Doc. 9), which contained personal identifiable information that was required to be redacted pursuant to Federal Rule of Civil Procedure 5.2(a). Therefore, the Court struck the First Amended Complaint (Doc. 9) and directed Plaintiff to file a redacted version of the Amended Complaint. (Doc. 10). Thus, the Court will refer to this Amended Complaint as the First Amended Complaint ("FAC").

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[2] In conducting such a review, "[i]t is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient

---

[2] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints . . ."); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[3] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S., at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

## II. FAC STATUTORY SCREENING

In her FAC, Plaintiff provides that in 2009, while working at "Grand Junction, Colorado VA Hospital," she submitted a "Beneficial Suggestion" as part of President Obama's SAVE award competition. (Doc. 11 at 4). Plaintiff alleges that her "Beneficial Suggestion" won the SAVE award competition and received "Presidential endorsement" and was "implement nationally on March 1, 2011 as a mandated VA Directive #2011-001[;] therefore, she was entitled to compensation for her "Beneficial Suggestion" pursuant to 5 U.S.C. § 4505. Plaintiff, however, avers that she was never compensated.

In the FAC, Plaintiff named the United States, the United States Department of Veterans Affairs, and several individual Department of Veterans Affairs employees. As a general matter, the United States is immune from suit and can be sued only to the extent that it has waived its immunity. *See United States v. Orleans*, 425 U.S. 807, 814 (1976). Plaintiff fails to allege any facts or cite any authority that the United States has waived its sovereign immunity for a suit of this nature. Additionally, while Plaintiff provides that the VA failed to compensate her, the statute she cites states does not require an agency to compensate for suggestions, it only provides that an agency may compensate an employee. *See* 5 U.S.C. § 4505 ("An agency may pay or grant an award under this subchapter . . ."). Plaintiff must state factual allegations and explain how those allegations establish a violation of a relevant legal authority. In short, Plaintiff must show she is entitled to relief. She has not done so here. The Court will therefore dismiss Plaintiff's FAC with leave to

amend.

## III. LEAVE TO AMEND

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's FAC must be amended to address the deficiencies identified above. Plaintiff's Second Amended Complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv").[4] Additionally, Plaintiff is advised that his Second Amended Complaint must satisfy the pleading requirements of Rule 8. Specifically, the Second Amended Complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a demand for the relief sought. Fed.R.Civ.P. 8(a)(1)-(3). These pleading requirements are to be set forth concisely in separate and discrete numbered paragraphs. The Second Amended Complaint also must set forth each legal claim for relief in a separate count (i.e., count one, count two, etc.). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a Third Amended Complaint if the Second Amended Complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff

---

[4] Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21). These forms, as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The Second Amended Complaint must be retyped in its entirety and may not incorporate any part of the original Complaint or the FAC by reference. Plaintiff should also be aware that "an amended complaint supercedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat the first amended complaint as nonexistent. *Id.* at 925.

### IV. WARNING

Plaintiff is advised that if she elects to file a Second Amended Complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *Information for Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self-Service Center Phoenix*.

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 11) is **DISMISSED** with leave to file a Second Amended Complaint within **thirty (30) days** of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 8th day of January, 2019.

Honorable Diane J. Humetewa
United States District Judge